STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

WCA 08-937


ACADIAN AMBULANCE SERVICE, INC.

VERSUS

NANCY A. PESHOFF

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 3
PARISH OF CALCASIEU, NO. 06-00677
CHARLOTTE A. L. BUSHNELL, WORKERS' COMPENSATION JUDGE

**********

SHANNON J. GREMILLION
JUDGE

**********

Court composed of Marc T. Amy, Michael G. Sullivan, and Shannon J. Gremillion,
Judges.

AFFIRMED.

Marcus Miller Zimmerman
Attorney at Law
4216 Lake Street
Lake Charles, LA 70605
(337) 474-1644
Counsel for Plaintiff/Appellee:
Nancy A. Peshoff

Kevin Wade Trahan
Ottinger, Hebert, L.L.C.
P. O. Drawer 52606
Lafayette, LA 70505-2606
(337) 232-2606
Counsel for Defendant/Appellant:
Acadian Ambulance Service, Inc.

**GREMILLION, Judge.**

This workers' compensation matter involves the attempt by the employer, Acadian Ambulance Company (Acadian), to terminate the benefits of the employee, Ms. Nancy A. Peshoff, for willfully making a false statement or misrepresentation for the purpose of obtaining a benefit or payment pursuant to La.R.S. 23:1208(A). The workers' compensation judge ruled in favor of Peshoff in denying the termination of benefits, yet found that she was not entitled to reimbursement for 88 trips (eleven miles round- trip) to the pharmacy over a six-month period. This court affirms.

## FACTS

Peshoff was employed as a paramedic by Acadian when she was injured on the job. The particulars of the on-the-job incident are not controverted. As part of her treatment, Peshoff received a number of prescriptions. These were filled at a Wal-Mart pharmacy located approximately 5.5 miles from Peshoff's home. For purposes of obtaining reimbursement of her mileage, Peshoff maintained a calendar in which she wrote, "WM," on the dates she went to Wal-Mart to drop off or pick up a prescription. In January 2006, Peshoff completed a mileage voucher seeking reimbursement for various trips to Wal-Mart and her doctors for the period of November 2004 through January 2006.

Acadian noted that beginning in August 2005, Peshoff began making trips to Wal-Mart far more frequently. A review of the record, and in particular the mileage voucher and the certified records from the Wal-Mart pharmacy, demonstrates that there was indeed a sizeable increase in the frequency with which Peshoff claims she presented to the pharmacy. From November 2004 to July 2005, she averaged 9.9 trips per month to Wal-Mart to fill an average of 10.9 prescriptions. Beginning August

1

2005 to November 2005, though, she averaged 22.2 trips to fill an average of 8.8 prescriptions. Peshoff testified that she made these trips because during this period Acadian was slow to authorize the filling of the prescriptions. Acadian, on the other hand, argued that Peshoff did not make the trips.

## ANALYSIS

Louisiana Revised Statute 23:1203(D) requires an employer to reimburse the employee at the rate paid by the State of Louisiana for reimbursement of state employees for mileage reasonably and necessarily traveled in order to obtain medical care or medicine. Peshoff submitted a voucher asking Acadian to reimburse her for such travel. The startling increase in number of trips she claimed to the pharmacy prompted Acadian to question and ultimately deny reimbursement for them. The workers' compensation judge determined that Peshoff was not entitled to reimbursement for the trips.

Acadian took this a step further, though, and sought to have Peshoff's benefits declared forfeit under La.R.S. 23:1208, which reads in pertinent part:

> A. It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.
> . . . .
> E. Any employee violating this Section shall, upon determination by workers' compensation judge, forfeit any right to compensation benefits under this Chapter.

A violation of §1208 occurs when: "(1) there is a false statement or representation, (2) it is willfully made, and (3) it is made for the purpose of obtaining or defeating any benefit or payment." *Resweber v. Haroil Constr. Co.,* 94-2708, p. 7 (La. 9/5/95), 660 So.2d 7, 12. The workers' compensation judge's finding of a

2

violation of §1208 is subject to review under a manifest error standard. *Cajun Rental & Servs. v. Hebert*, 05-482 (La. App. 3 Cir. 12/30/05), 918 So.2d 605. The same standard of review governs a finding of no violation of §1208. *Frederick v. Port Aggregates, Inc.*, 07-552 (La. App. 3 Cir. 10/31/07), 968 So.2d 1169. This standard requires that this court find an absence in the record of a reasonable basis for the workers' compensation judge's factual findings, and a determination that the record establishes that the finding was clearly wrong. *Stobart v. Dep't. of Transp. and Dev.*, 617 So.2d 880 (La. 1993).

The workers' compensation judge found simply that Peshoff did not violate §1208. The record demonstrates that there is a reasonable basis for this finding. Peshoff testified that she documented her trips to the pharmacy on a calendar that was admitted into evidence. Additionally, she explained that there was a delay in the authorization of her prescriptions by Acadian. Also, without objection, a letter dated November 2005 from Peshoff's former attorney to Mr. Ricky Hayes, Claims Manager of F.A. Richard & Associates, Acadian's third party administrator, was introduced into the record. That letter complained of the delays in authorizing the prescriptions. The timing of this letter coincides with the increase in Peshoff's trips to Wal-Mart. Mr. Hayes testified that there were difficulties in authorizing prescriptions for Xanax in particular. This was corroborated by the testimony of Acadian's risk manager, Mr. Keith Charles Guidry. No testimony or other evidence was introduced to demonstrate that Peshoff did not actually make the trips in question, and neither Mr. Guidry nor Mr. Hayes had any knowledge that no trips were taken.

## CONCLUSION

In short, there exists only the inference that because no prescriptions were

3

filled on 88 occasions during this six-month period, no trip was actually made. While this court may well accept this inference as reasonable, this court's findings are based upon an antiseptic review of the record, without the benefit of actually hearing the testimony of the witnesses and the opportunity to assess credibility. Such a substitution of our assessment of the testimony is not permitted. The mere fact that a number of trips to the pharmacy was not necessary does not equate to a willful misrepresentation about whether they were actually traveled. Thus, there was no manifest error in the finding that Peshoff did not violate §1208.

Accordingly, the judgment of the workers' compensation judge is affirmed, with all costs of appeal assessed against appellant, Acadian Ambulance Company.

**AFFIRMED**.

4